**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK BELL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2979** |
| | : | |
| **PFIZER, INC.,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PADOVA, J.** **AUGUST 13 , 2026**

On May 1, 2026, Derek Bell submitted a *pro se* Complaint against Pfizer, Inc. (Pfizer) and filed a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1 & 2.) After his Motion to Proceed *In Forma Pauperis* was denied for lack of sufficient information (ECF No. 5), Bell submitted new applications for leave to proceed *in forma pauperis*. (*See* ECF Nos. 6, 8.) He also filed an Amended Complaint against Pfizer alleging negligence, strict products liability, failure to warn, and negligent marketing and promotion. (ECF No. 7.) For the following reasons, the Court will grant Bell leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction.

## I. FACTUAL ALLEGATIONS[1]

Bell states that he is a citizen of Pennsylvania. (Am. Compl. at 4.) He alleges that the Pfizer corporation is "organized under the laws of a different state with its principal place of business outside Pennsylvania." (*Id.*) According to Bell, Pfizer manufactured, marketed, and

[1] The factual allegations set forth in this Memorandum are taken from Bell's Amended Complaint (Am. Compl.). (*See* ECF No. 7.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

distributed Avinza, an extended-release morphine sulfate, which was prescribed to Bell after a snowboard injury when he was a minor. (*Id*. at 4, 12.) Bell took Avinza as prescribed and developed psychological dependence on it, which progressed into chronic opioid addiction. (*Id*. at 6.) After two decades of addiction, Bell allegedly suffered multiple overdoses, including life-threatening events, hospitalizations, coma, and repeated inpatient treatment admissions. (*Id*.) He lost educational, career, and monetary opportunities, was incarcerated, and suffered severe emotional and psychological distress. (*Id*. at 6, 10.)

Bell contends that Pfizer promoted Avinza through financial incentive mechanisms aimed at reducing resistance to prescribing the medication and to increase consumption. (*Id*. at 5.) Pfizer allegedly utilized manufacturer's discount coupons, subsidized prescription programs, and cost-reduction tools linked to continued use. (*Id*.) The use of the incentives allegedly constituted "direct-to-consumer influence" and were purportedly designed to affect patient behavior and demand, "not merely physician decision-making." (*Id*. at 7.) Bell further claims the marketing practices "compromised independent medical judgment." (*Id*.) Bell asserts that the financial incentives "materially increased the likelihood that Avinza would be prescribed, particularly in borderline or non-critical cases." (*Id*. at 5.)

In his Complaint, Bell asserts that Pfizer did not adequately warn of the severity and likelihood of addiction, especially in minors, whom Pfizer knew or should have known are particularly vulnerable to addiction. (*Id*. at 7-8.) He alleges that any warnings provided were not sufficient to counterbalance the incentive-driven messaging. (*Id*. at 7.) Bell admits that the claims arose outside of the applicable statute of limitations, but argues tolling doctrines and the discovery rule apply because he was allegedly incapacitated by addiction for two decades, and he

"only recently" attained the ability to understand and assert his legal rights. (*Id*. at 8.) Bell asserts four state law claims and seeks money damages. (*Id*. at 8-10.)

## II. STANDARD OF REVIEW

The Court will grant Bell leave to proceed *in forma pauperis* because he appears unable to pay the filing fee in this matter. Pursuant to that statute, the Court must screen the Complaint dismiss it if, among other grounds, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

In addition, the Court must dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua*

*sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

"A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332(a)). "Because subject matter jurisdiction involves 'a court's power to hear a case,' we have an 'independent obligation to determine whether subject-matter jurisdiction exists.'" *N.J. Carpenters & Trs. Thereof v. Tishman Const. Corp. of N.J.,* 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)).

Bell fails to allege any claim within the Court's federal question jurisdiction. He cites no federal statute and does not appear to raise any constitutional claim. Having reviewed his Complaint, the Court can discern no basis for federal question jurisdiction. Rather, Bell raises claims solely under Pennsylvania state law, so he must adequately plead a basis for diversity jurisdiction for the Court to exercise its jurisdiction over those claims. (Am. Compl. at 8-9.) He has failed to do so in his Amended Complaint.

Under 28 U.S.C. § 1332(a), a district court may exercise jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity

between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (alteration in original) (footnote omitted) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of a corporate party in a civil action is determined by identifying its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). As noted before, "[t]he plaintiff has the burden of pleading the existence of the [district] court's jurisdiction, *see* Fed. R. Civ. P. 8, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed," *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (*per curiam*) (second alteration in original) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

Bell states that he is a citizen of Pennsylvania. (Am. Compl. at 4.) Under a heading of "Jurisdiction and Venue," he asserts simply that Pfizer corporation is "organized under the laws of a different state with its principal place of business outside Pennsylvania." (*Id.*) Bell does not identify specifically the state(s) in which the corporation is organized or in which the principal place of business is located. (*Id.*) These allegations are not sufficient to plausibly allege diversity jurisdiction. "It is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and "cannot be established argumentatively or by mere inference."'" *S. Freedman and Co., v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 78–79 (1969 & Supp. 2005))

(affirming dismissal for lack of subject matter jurisdiction where plaintiff did not definitively allege citizenship of itself and defendant corporation); *see also Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business."); *see also McCracken v. ConocoPhillips Co.*, 335 F. App'x 161, 163 (3d Cir. 2009) (*per curiam*) (affirming dismissal because jurisdiction was lacking where plaintiff pleaded he was resident of two states and failed to inform the Court of the citizenship of the parties he attempted to sue). Because Bell has not plausibly alleged diversity of the parties, the Court does not have subject matter jurisdiction and will dismiss the Amended Complaint.

## IV. CONCLUSION

The Court will grant Bell's motions for leave to proceed *in forma pauperis* and will dismiss this case for lack of subject matter jurisdiction. The dismissal is without prejudice to Bell filing a second amended complaint in the event he can allege a basis for subject matter jurisdiction over his state law claims, or, alternatively, filing a complaint in the proper state court so he may proceed on his claims in that venue.[2]

---

[2] The Court offers no opinion on the merits of Bell's claims. In the event that Bell returns to this Court, any second amended complaint must allege facts establishing jurisdiction, must be a complete document that includes all factual allegations in the pleading, and must not refer back to any prior filings or papers submitted in the case. *See Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."), *report and recommendation adopted,* 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Because he alleges events from over twenty (20) years ago and acknowledges that his claims "arise outside the standard statute of limitations" (Am. Compl. at 8), Bell is on notice that he should provide plausible facts that speak to the possible untimeliness of his claims in any second amended complaint he files. *See Mote v. Murtin*, 816 F. App'x 635, 636 (3d Cir. 2020) ("[U]ntimeliness may justify sua sponte dismissal where it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." (quotation and citation omitted)).

An appropriate Order containing more information about amendment follows.

**BY THE COURT:**

**/s/ John R. Padova, J.**

**JOHN R. PADOVA, J.**